# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH COOPER, on behalf of herself and those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. |
| NESTLE PURINA PET CARE COMPANY, ZEROCHAOS, and JOHN DOE ONE THROUGH TEN, | ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

DEBORAH COOPER ("Named Plaintiff"), on behalf of herself and those similarly situated (hereinafter referred to as "Plaintiffs"), hereby complains against Defendants as follows:

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Plaintiffs proper overtime compensation in violation of the FLSA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.* and 28 U.S.C. § 1367 for supplemental jurisdiction of related state claims.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and

(b)(2), because Defendants conduct business in this judicial district.

## PARTIES

5. Named Plaintiff Deborah Cooper is an adult individual residing in Porter Beach, Indiana.

6. Defendant Nestlé Purina Petcare Company ("Nestlé") is headquartered in and has its principal of business in St. Louis, Missouri and is a subsidiary of Nestlé. It produces and markets pet food, treats and litter under the pet food brands Purina Pro Plan, Purina Dog Chow, Friskies, Beneful and Purina ONE. It also includes the Breeder/Enthusiast Group, part of the Breeder-Enthusiast Conformation, Sporting and Breeder Marketing Group

7. Defendant ZeroChaos is headquartered in and has its principal of business in Orlando, FL. It is a global provider of workforce management solutions including as a third-party professional employer organization ("PEO") employer.

8. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Plaintiffs proper compensation pursuant to the FLSA.

9. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Plaintiffs.

10. At all times relevant herein, Defendants Nestlé and ZeroChaos acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for them.

11. A PEO is a firm that provides a service under which an employer can outsource employee management tasks, such as employee benefits, payroll and workers' compensation,

recruiting, risk/safety management, and training and development. The PEO hires a client company's employees, here Nestlé's, thus becoming their employer of record for tax purposes and insurance purposes. This practice is known as co-employment.

12. The client company, Nestlé, continues to direct the employees' day-to-day activities. For purposes of the FLSA, Named Plaintiff and Plaintiffs are jointly employed by Nestlé and ZeroChaos as joint-employers during the workweek.

13. Upon information and belief, because of their relation Defendants are sufficiently interrelated and integrated that they may be treated as a single employer for purposes of the instant action, and "one employment" rendering the joint-employers jointly and severally liable for compliance with the FLSA, including for paying overtime for all hours worked over 40 in the workweek, regardless of where the overtime hours were worked.

14. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants Nestlé and ZeroChaos which resulted in Defendants Nestlé and ZeroChaos failing to pay Named Plaintiff and Plaintiffs proper compensation pursuant to the FLSA.

15. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll for Defendants Nestlé and ZeroChaos regarding Named Plaintiff and Plaintiffs.

16. At all times relevant herein, Defendants Nestlé and ZeroChaos acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants Nestlé and ZeroChaos.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants Nestlé and ZeroChaos in non-exempt positions subject to Defendants Nestlé and ZeroChaos's unlawful pay practices and policies described herein and who worked for Defendants Nestlé and ZeroChaos at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Plaintiffs").

18. Named Plaintiff and Plaintiffs worked and work at different assigned and facilities but were subjected to the same unlawful wage policies and practices described herein.

19. Named Plaintiff and Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants Nestlé and ZeroChaos's unlawful policies and practices as described herein.

20. There are numerous similarly situated current and former employees of Defendants Nestlé and ZeroChaos who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

21. Similarly situated employees are known to Defendants Nestlé and ZeroChaos, are readily identifiable by Defendants Nestlé and ZeroChaos, and can be located through Defendants Nestlé and ZeroChaos' records.

22. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. Named Plaintiff worked for Defendants Nestlé and ZeroChaos at various United Sates Western Region locations, from time to time at trade and dog shows from in or around September of 2003 through the date of the instant action.

25. Named Plaintiff and Plaintiffs are current and/or former hourly employees of Defendants Nestlé and ZeroChaos, who within the last three years have been or are presently employed by Defendants Nestlé and ZeroChaos.

26. Upon information and belief, Defendants Nestlé and ZeroChaos had maintained an unlawful wage payment system for at least the last three years, and have enforced such unlawful policies at each of their facilities named in this lawsuit.

27. For all purposes herein, Named Plaintiff was a "day rate" or "daily rate" employee. Day rate" or "daily rate" employees are paid a flat amount for each day worked, regardless of the number of hours they put in during each day. However, employers are still required by law to pay most day rate employees overtime for all hours worked in a week over 40. Due to the nature of their work, Named Plaintiff and Plaintiffs typically work more than 40 hours per week.

28. As Named Plaintiff and Plaintiffs routinely work overtime, this unpaid time results and has resulted in Named Plaintiff and Plaintiffs being denied proper overtime compensation. In the case of Named Plaintiff, she worked approximately the following number of workweek hours including workweek hours over 40 for which she did not receive earned overtime pay: 1/1/15-1/5/15 (55 total hours); 1/18/15-1/31/15 (46.5 total hours); 2/15/15-2/21/15 (56 total hours); 2/22/15-2/28/15 (63 total hours); 4/18/15-4/24/15 (61 total hours); 4/25/15-05/02/15 (56 total hours); 5/17/15-5/23/15 (47.5 total hours); 6/7/15-6/13/15 (51 total hours); 6/14/15-6/20/15 (73.3

5

total hours); 6/28/15-7/4/15 (44 total hours); 8/9/15-8/15/15 (50 total hours); 8/16/15-8/22/15 (63 total hours); 10/4/15-10/10/15 (43 total hours); 10/25/15-10/31/15 (63 total hours); 11/8/15-11/14/15 (51 total hours); 1/3/16-1/9/16 (46.25 total hours); 1/24/16-1/30/16 (50.25 total hours); 3/20/16-3/26/16 (51.25 total hours); 4/24/16-4/30/16 (57 total hours); 5/1/16-5/7/16 (62.5 total hours); 5/8/16-5/14/16 (52 total hours); 5/22/16-05/28/16 (44.25 hours); 5/29/16-6/4/16 (72.5 total hours); 6/12/16-6/18/16 (61 total hours); 06/19/16-6/25/16 (69.75 total hours); 6/26/16-7/2/16 (50.25 total hours); 8/14/16-8/20/16 (50 total hours); 8/21/16-8/27/16 (56.5 total hours). Plaintiff reserves the right to supplement, correct and otherwise amend the foregoing.

29. Accordingly, Defendants failed to pay Named Plaintiff the minimum overtime premium as required by the FLSA, resulting in Named Plaintiff being shorted in an amount in excess of $24,000 (approximately 1.540 overtime hours times $37.50) for the period January 1, 2015-September 3, 2016.

30. The aforementioned are mere example of the unlawful policies and practices of Defendants.

31. The aforementioned conduct has caused monetary damages to Named Plaintiff and Plaintiffs.

**COUNT I**
**FAIR LABOR STANDARDS ACT ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Plaintiffs v. Defendants)**

32. The foregoing paragraphs 1-31 are incorporated herein as if set forth in full.

33. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

34. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiff and Plaintiffs.

35. At all times relevant herein, Named Plaintiff and Plaintiffs were and are employed with Defendants as "employees" within the meaning of the FLSA.

36. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

37. In February 2016, Named Plaintiff notified the Defendants of a possible non-paid overtime issue.

38. In August 2016 she was told to submit her back-up documentation which was confirmed as received, and was told it would be made right and pay her overtime. She continued to request and receive confirmation of overtime back-payment review until January 2017, after which she received no overtime back-pay. Instead, Defendants changed the work-week schedule.

39. Defendants' violations of the FLSA include unlawfully failing to compensate Named Plaintiff and Plaintiffs overtime at 1.5 times their regular rate.

40. Defendants' conduct in failing to pay Named Plaintiff and Plaintiffs properly was and is willful in that Defendants knew that their conduct was prohibited by the FLSA or showed reckless disregard as to whether its conduct was prohibited by the FLSA, and was and is not based upon any reasonable interpretation of the law.

41. As a result of Defendants' unlawful conduct, Named Plaintiff and Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Plaintiffs pray that this Court enter an Order Providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff and Plaintiffs

whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3) Named Plaintiff and Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Named Plaintiff and Plaintiffs are to be awarded all other relief this Court deems just and proper.

**COUNT II**
**INDIANA CODE TITILE 22. LABOR AND SAFETY**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Plaintiffs v. Defendants)**

42. The foregoing paragraphs 1-41 are incorporated herein as if set forth in full.

43. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the Indiana Code Title 22. Labor and Safety § 22-2-2-4 (k) ("INDIANA CODE").

44. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiff and Plaintiffs.

45. At all times relevant herein, Named Plaintiff and Plaintiffs were and are employed with Defendants as "employees" within the meaning of the INDIANA CODE.

46. Under the INDIANA CODE, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

47. Defendants' violations of the INDIANA CODE include unlawfully failing to compensate Named Plaintiff and Plaintiffs overtime at 1.5 times their regular rate.

48. Defendants' conduct in failing to pay Named Plaintiff and Plaintiffs properly was and is willful in that Defendants knew that their conduct was prohibited by the INDIANA CODE or showed reckless disregard as to whether its conduct was prohibited by the INDIANA CODE, and was and is not based upon any reasonable interpretation of the law.

49. As a result of Defendants' unlawful conduct, Named Plaintiff and Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Plaintiffs pray that this Court enter an Order Providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff and Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiff and Plaintiffs are to be awarded, pursuant to the INDIANA CODE, liquidated damages in an amount equal to the actual damages in this case, including double the amount of unpaid overtime due Named Plaintiff;

(4) Named Plaintiff and Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Named Plaintiff and Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully submitted,
DEBORAH COOPER, on behalf of herself
and those similarly situated, Plaintiff
By: /s/ Nicholas F. Esposito
One of Plaintiff's Attorneys

Nicholas F. Esposito, Atty. No. 0755176
Bradley K. Staubus, Atty. No. 6230326
ESPOSITO & STAUBUS LLP
7055 Veterans Blvd., Unit B
Burr Ridge, IL 60527
(312) 346-2766